436 P.2d 228

EMPLOYERS MUTUALS LIABILITY IN-SURANCE CO. OF WISCONSIN, a corporation (One of the insurance companies constituting Employers Mutuals of Wausau), Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah et al., Defendants.

No. 10921.

Supreme Court of Utah.

Jan. 12, 1968.

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Nielsen, Conder, Hansen & Henriod, W. Eugene Hansen, Salt Lake City, Leon M. Frazier, Provo, for defendants.

ELLETT, Justice.

Phillip H. Russon was accidentally killed in the course of employment, and his surviving minor child is entitled to an award under the Workmen's Compensation Act of Utah. The only issue herein is the question of whether the contract of insurance between the plaintiff and the employer of Mr. Russon had been cancelled at the time of the fatal accident. That issue was presented to the Industrial Commission for a determination. The plaintiff voluntarily appeared and contested the matter of coverage and now appeals from an adverse ruling.

The underlying facts pertaining to the purported cancellation of the policy are substantially as follows:

On September 25, 1965, the plaintiff billed the employer in an amount of $422.05 for the annual premium on the renewal of its policy. Since the prior premium had been only $145.90, the employer questioned the amount of the new charge. On or about October 19, 1965, the plaintiff sent the employer an endorsement on which in the upper right-hand corner under the printed designation "Amount due" it had typed "$161.15 Cr."

Nothing having been paid by December 3, 1965, by the employer on this bill, the plaintiff claims it mailed notices of cancellation of its policy for nonpayment of premium to both the employer and the defendant Industrial Commission herein. The notice purported to cancel the policy as of December 15, 1965.

Our statute provides for cancellation " * * * in case of nonpayment of premium by thirty days' notice by such insurance company, * * * to the industrial commission: and the employer." Section 31–19–14, U.C.A.1953.

It is rather obvious that the plaintiff herein gave notice only 12 days before the date when it said the insurance policy would be cancelled.

There was uncertainty in the evidence regarding the time when the Industrial Commission received its notice. The trier of the fact could have believed from the evidence presented that the notice did not reach the defendant until after December 17, 1965.

On December 8, 1965, the employer sent a check to the plaintiff for $161.15, the amount listed as the "Amount due" on the notice. In the body of that notice, however, it was shown that the premium was $260.90. (It is now apparent that the $161.15 Cr. was obtained by subtracting the revised premium of $260.90 from the original charge of $422.05.) The plaintiff cashed this $161.15 check on December 13, 1965. On December 30, 1965, plaintiff sent the employer a statement of the account showing a balance remaining unpaid on the revised premium of $99.75 ($260.90 minus $161.15). On January 19, 1966, the deceased was killed, and thereafter the employer sent its check dated January 30, 1966, in the amount of $99.75 to the plaintiff, which check was received by the plaintiff and returned. (Plaintiff's time stamp indicates the check was received February 21, 1966.)

It is the contention of the plaintiff that when it wrote the letter of December 3, 1965, saying the policy would be cancelled as of December 15, 1965, it simply meant that the 30-day notice would start as of that date.

■ Under the evidence before it, the defendant could have found that making an erroneous charge and placing the figure $161.15 Cr. as the "Amount due" on the notice sent to the employer were enough to confuse the employer and prevent a forfeiture of the policy for nonpayment of premium. It also could have found that by cashing the check for $161.15 the plaintiff had waived the failure to pay timely and had reinstated the policy, because about one half of the amount was unearned at the time.

■ We do not believe that the plaintiff intended to terminate the employer's policy as of January 15, 1966, in view of the written language of the letter: "This is formal notice that cancellation of the above numbered policy(ies) shall be effective as of 12:01 a. m., December 15, 1965." On December 3 it was not possible to give a 30-day notice of cancellation as of December 15; and if the plaintiff meant to cancel the policy as of January 15, 1966, it should have so stated.

The award made by the Industrial Commission is affirmed. Each party will bear its own costs.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ.